JUSTICE WARNER
concurring and dissenting.
¶47 I agree with the Court that the judgment should be affirmed. However, I dissent from the Court’s decision that the issues it designates as (1)b and (1)c should be reserved for a possible petition for postconviction relief.
¶48 I would conclude that Hamilton’s counsel was not ineffective when he did not object to Detective Shaffer’s testimony, because such testimony has not been shown to be inadmissible or prejudicial. I would also conclude that the record is clear why Hamilton’s counsel made the remarks in closing argument that his appellate counsel now complains about. Thus, these matters should not be preserved for postconviction relief.
¶49 Relating to the claim of error because Detective Shaffer was allowed to give expert testimony about Hamilton’s truthfulness, Hamilton does not, in my view, successfully argue that such testimony was inadmissible. As Hamilton notes, it is well settled in Montana that the determination of the credibility of witnesses and the weight to be given their testimony is solely within the province of the jury. It is also improper for an expert to testify regarding malingering and the statistical percentage of false accusations of sexual abuse. State v. Brodniak, 221 Mont. 212, 222, 718 P.2d 322, 329 (1986). However, in this instance, the witness, Shaffer, testified concerning the techniques he used in his interview of Hamilton and stated the purpose of these techniques. He also described Hamilton’s demeanor. Shaffer did not say that Hamilton could not be believed, nor did he comment on his credibility. Also, he was closely cross-examined on these points. As it is not shown that admission of Shaffer’s testimony constitutes error, it is not shown that counsel was ineffective for not objecting to its introduction. Also, considering all of the evidence, it is certainly not shown that the outcome of the trial would probably have been different had the jury not heard such testimony. Therefore, Hamilton’s counsel was not ineffective for not objecting.
*106 ¶50 As the Court notes at ¶ 28, Hamilton’s argument concerning the ineffectiveness of his counsel for failure to object to Shaffer’s description of his interview with B.H. is entirely speculative. Thus, this argument is not sufficient to meet the two-step Strickland test to establish ineffective assistance of counsel, no matter if it is made on direct appeal or in a petition for postconviction relief.
¶51 There can be no doubt that the evidence did not paint a pretty picture of Hamilton. Whether the jury felt the State had proved its case, its members most probably were not going to invite Hamilton home for dinner. The purpose of counsel’s remarks in closing argument, as described by the Court in ¶ 30, is clear from the record. The argument was obviously to make the point to the jury that, even if they were disgusted with Hamilton, they could not convict him just because they did not like him. Appellate counsel may not have been quite so descriptive in his presentation. However, trial counsel did make his point and his argument is strongly presumed to be a sound trial strategy. In my view it is within the wide range of reasonable professional conduct.
¶52 I conclude that the issues designated by the Court as (1)b and (1)c should be disposed of in this direct appeal and not preserved for a petition for postconviction relief. I dissent from the Court’s decision not to do so.